IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES FRANKLIN MCAFEE, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: H-06-2811 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director of the Texas Department | § | |
| of Criminal Justice - Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner McAfee's application for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 has been referred to this magistrate judge for a report and recommendation (Dkt. 4).  Respondent has filed a motion for summary judgment (Dkt. 8), to which petitioner has responded (Dkt. 10).  The court recommends that respondent's motion be granted and McAfee's application be denied.

## BACKGROUND

McAfee is currently is the custody of the Texas Department of Criminal Justice in Fort Bend County, Texas serving a sentence of 28 years for aggravated burglary.  McAfee is not eligible for release to mandatory supervision due to the nature of his offense.  It is not necessary to recite the procedural history of McAfee's appeal and state habeas proceedings because McAfee is challenging a disciplinary hearing.

On April 14, 2006, McAfee was found guilty of establishing or operating an unauthorized business, a Level 2, Code 15.1 violation of the TDCJ-CID *Disciplinary Rules and Procedures for Offenders*.  The disciplinary officer found McAfee guilty based on the charging officer's statement that McAfee was sending craft items, through the mother of another inmate, to a commercial shop for sale.  The disciplinary officer assessed punishment as (1) 30 days loss of recreation and commissary privileges; (2) fifteen days solitary confinement; and (4) a reduction in line class from S3 to S4.  The reduction in line class alters the speed at which McAfee earns good time credits, but McAfee did not lose any earned good time credits.

McAfee filed a step one grievance, which was denied on May 17, 2006, and a step two grievance, which was denied on June 19, 2006.  He filed this federal petition on September 1, 2006.

## ANALYSIS

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Respondent does not contend that McAfee's petition is time-barred under the AEDPA,  but does contend that McAfee has failed to exhaust his administrative remedies.  Respondent further contends that McAfee's petition fails to state a claim for federal habeas corpus relief.

**1.      Exhaustion**

The AEDPA provides that a petitioner is not entitled to habeas relief unless the petitioner has exhausted the remedies available in the courts of the state or if state review is unavailable.  *See* 28 U.S.C. § 2254(b), (c).  This exhaustion requirement applies to a petitioner who asserts a constitutional error in his disciplinary proceeding.  *Prieser v. Rodriquez*, 411 U.S. 475, 492 (1973); *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir. 1980).

McAfee raises two grounds for federal habeas relief:[1]  (1) he was not given adequate notice of the charge against him; and (2) he was not given fair warning that the conduct he engaged in was a violation of TDCJ policy.  McAfee argues that the notice was inadequate because it did not give the specifics of the alleged business, how any financial gain was obtained, or how his actions constituted a threat to security.  McAfee argues that he was not

---

[1]     While McAfee's petition and memorandum expressly identify the two grounds for relief listed above, a liberal construction of McAfee's memorandum of law may indicate that McAfee intends to allege that his disciplinary proceeding was retaliatory.  Even if a retaliatory disciplinary proceeding could provide a basis for federal habeas relief despite the fact that McAfee's punishments do not give rise to a protected liberty interest, McAfee has not stated a claim for retaliation.

> To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident–such as the filing of disciplinary reports as in the case at bar–would not have occurred. This places a significant burden on the inmate.  Mere conclusory allegations of retaliation will not withstand a summary judgment challenge.  The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'

*Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal citations omitted).

3

given fair warning that his conduct was prohibited because the TDCJ-CID rules and guidelines governing prisoners do not expressly state that the sale of craftshop-produced items is prohibited, but state only that sales that constitute a threat to prison security are prohibited.

Respondent contends that McAfee has not exhausted his state remedies because he did not raise his first ground in either his  step one or step two grievance, and he did not raise his second ground in his step one grievance.

On his Step 1 Offender Grievance Form, McAfee asserted in sum that he was found guilty of operating an unauthorized  business, but that he never received any money or had any offers to buy items he made in the craftshop; that the Offender Handbook does not state that offenders are not allowed to sell craft items, and no officers have ever told him that; that the charge does not state that he made a statement admitting to selling items, but that at the hearing the charging officer testified to such a statement; and that the charge was retaliatory. On his Step 2 Offender Grievance Form, McAfee stated that there is no rule or policy that prohibits sale of craftshop produced items; that he never gained financially from the sale of items; that he had no knowledge that items he gave to another offender might be sold; that Code 15.1 only prohibits sales by inmates that are a threat to security and his conduct was not a threat; he had every reason to think that selling items was permitted. because Major Hicks told the inmates they would have to pay taxes on any income they made on sales of craftshop items.

While his grievance forms do not succinctly state the issues in the same language used in his petition and memorandum of law in this case, the court finds that the issues McAfee raises here were in substance raised in his Step 1 and Step 2 grievances.  The court rejects the government's motion to dismiss for lack of exhaustion and will consider McAfee's claims on their merits.

### 2.     Alleged Due Process Violations in Disciplinary Proceeding

"The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner."  *Sandin v. Conner*, 515 U.S. 472, 478 (1995).  However, prisoners do not lose all constitutional rights when they are incarcerated.  *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974).  In *Wolff*, the Supreme Court held that prisoners do have the right to certain minimum due process protections in good time revocation proceedings. 418 U.S. at 558.  But, McAfee did not lose earned good-time credits as a result of his disciplinary proceeding.

While the Supreme Court explained in *Sandin* that states may under certain circumstances create rights that implicate Due Process, such rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  515 U.S. at 484.  In the Fifth Circuit, a prisoner cannot state a claim for federal habeas relief based on disciplinary sanctions unless the sanctions imposed affect the fact or duration of the prisoner's sentence.  *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir 2000).  Because it is entirely speculative whether a prisoner will be

released on parole, the Fifth Circuit has determined "that there is no constitutional expectancy of parole in Texas." *Id.*; *Madison v. Parker*, 104 f.3d 765, 768 (5th Cir. 1997). Thus, the change in McAfee's line status does not give rise to a claim for federal habeas relief.

Moreover, the loss of 30 days recreation and commissary privileges and 15 days of solitary confinement are not sanctions that actually affect the fact or duration of McAfee's sentence. Such sanctions are not atypical of the hardships that commonly occur in prison life. *See Malchi*, 211 F.3d at 958 ("Clearly, . . . thirty day loss of commissary privileges and cell restriction do not implicate due process concerns"); *Madison*, 104 F.3d 765, 767 (5th Cir. 1997) (loss of commissary and cell restriction); *Pickens v. Minton*, 109 Fed. Appx. 655, 656 (5th Cir. 2004) (placement in isolation for 20 days); *Sandin*, 515 U.S. at 485-86 (segregated confinement).

### 3.    Motion to Supplement

McAfee has filed a motion for leave to supplement his petition (Dkt. 11) in order to allege a retaliation claim. McAfee asserts that since filing this lawsuit, the warden has refused to allow him to resume his craftshop privileges and has informed him that he must dispose of all of his tools that are stored in the craftshop. McAfee asserts that such actions are a continuation of retaliation previously engaged in by Major Hicks (the charging officer in his disciplinary proceeding), and are in retaliation for his filing his federal complaint. McAfee seeks to recover the value of his tools (estimated at $2,800-$3,300), and punitive

damages of $250,000 to ensure that future retaliation would not considered an option by TDCJ administrators.

McAfee's proposed retaliation claim raises a distinct cause of action from that before the court in his petition for writ of habeas corpus. *See Serio v. Members of Louisiana State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987). McAfee's allegations of retaliation, which do not attack the fact or duration of his confinement, are properly brought in a § 1983 complaint. *See Morris v. Powell*, 449 F.3d 682, 684-86 (5th Cir. 2006) (analyzing standards governing a prisoner's § 1983 retaliation claim); *Cf. Clark v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (a prisoner cannot challenge the fact or duration of confinement in a § 1983 action). Thus, the court denies McAfee's motion to amend without prejudice to his filing of a separate § 1983 claim.

## CONCLUSION

McAfee cannot state a claim for federal habeas relief based on alleged constitutional defects in his disciplinary proceeding. Therefore, the court recommends that McAfee's petition be denied with prejudice.[2]

It is further ordered that McAfee's motion to supplement (Dkt. 11) is denied without prejudice.

---

[2] McAfee's petition includes a request for evidentiary hearing. This court will not conduct an evidentiary hearing unless a petitioner shows that his factual allegations, if true, would entitle him to relief. *See* 28 U.S.C. § 2254(e)(2); *Murphy v. Johnson*, 205 F.3d 809, 815-16 (5th Cir. 2000); *Schriro v. Landrigan*, No. 05-1575, 2007 WL 1387823, *6 (S. Ct. May 14, 2007). McAfee is not entitled to an evidentiary hearing in this case.

The court further finds that McAfee has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Therefore, the court recommends that a certificate of appealability not issue.

The parties have ten days from service of this Memorandum and Recommendation to file written objections.  Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error.  *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on May 14, 2007.


Stephen Wm Smith
United States Magistrate Judge